T.C. Memo. 1999-353

UNITED STATES TAX COURT

DAVE GRAF DAIMLER, f.k.a. DIETER G. MONDRAGON, a.k.a. HANS DIETER
GARCIA MONDRAGON, a.k.a. HANS DIETER MONDRAGON, a.k.a. HANS
DIETER MODZANOWSKI, AND THELMA MONDRAGON, a.k.a. TAMI MONDRAGON,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

DIETER ELECTRONICS CO., INC., d.b.a. AUDIO VIDEO MASTERS,
a.k.a. PERRY & BOB TV, a.k.a. ACE SEWING MACHINE, a.k.a.
DAIMLER, INC., a.k.a. DAIMLER GROUP, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 14606-94, 14608-94.  Filed October 25, 1999.

John W. Duncan, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  These cases, which we have consolidated for
purposes of opinion only, are before us on respondent's motions

for summary judgment (collectively, respondent's motions).[1]  We shall grant those motions.

At the time the petition was filed in docket No. 14606-94, the legal address of petitioner Dave Graf Daimler, f.k.a. Dieter G. Mondragon, a.k.a. Hans Dieter Garcia Mondragon, a.k.a. Hans Dieter Mondragon, a.k.a. Hans Dieter Modzanowski (Mr. Daimler) was Wichita Falls, Texas.  At the time the petition was filed in docket No. 14608-94, the legal address of petitioner Dieter Electronics Co., Inc., d.b.a. Audio Video Masters, a.k.a. Perry & Bob TV, a.k.a. Ace Sewing Machine, a.k.a. Daimler, Inc., a.k.a. Daimler Group (Dieter Electronics or the Company) was in Wichita Falls, Texas.

Mr. Daimler and Dieter Electronics failed to reply in any manner to respondent's respective requests for admissions in docket Nos. 14606-94 and 14608-94.  Consequently, each matter set forth in each of those requests is deemed admitted.  See Rule 90(c);[2] Marshall v. Commissioner, 85 T.C. 267, 272 (1985).  The deemed admissions in these cases demonstrate that there are no

---

[1]In docket No. 14606-94, respondent filed a motion for summary judgment only as to petitioner Dave Graf Daimler.  That is because on Sept. 23, 1998, petitioner Thelma Mondragon, a.k.a. Tami Mondragon (Ms. Mondragon), and respondent filed a stipulation of settlement which reflects their agreement as to all issues in that case.

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to the Internal Revenue Code in effect for the years at issue.

genuine issues of material fact herein.

Mr. Daimler and Ms. Mondragon were the sole stockholders of Dieter Electronics, an electronics repair business that had been operating in Wichita Falls, Texas, since 1982.

Mr. Daimler and Ms. Mondragon filed a joint U.S. Individual Income Tax Return (joint return), Form 1040, for each of the years 1989 through 1992. The Company filed a U.S. Corporation Short-Form Income Tax Return, Form 1120-A, for each of its taxable years ended January 31, 1990, January 31, 1991, and January 31, 1992. It filed a U.S. Corporation Income Tax Return, Form 1120, for its taxable year ended January 31, 1993. (We shall refer collectively to the Forms 1120-A and Form 1120 filed by the Company as corporate returns.)

During 1989 through 1992, petitioners diverted substantial funds from Dieter Electronics, deposited those funds into their personal accounts, and used them personally (income diversion scheme). Throughout those years, as part of the income diversion scheme, Mr. Daimler diverted all the checks submitted to Dieter Electronics as corporate income on which the "payee" section of the check was left blank (diverted corporate checks) and stamped his own name (D.G. Mondragon) in that section of those checks. Throughout those same years, and also as part of the income diversion scheme, Mr. Daimler removed all the cash that Dieter Electronics received as corporate income (diverted corporate

cash) and placed that cash into a lockbox located in his house (lockbox).

During the years 1989, 1990, 1991, and 1992, Mr. Daimler and Ms. Mondragon personally maintained account No. 001-06112247 at Texas Commerce Bank in Houston, Texas (TCB account), and Mr. Daimler personally maintained account No. 5495449-05 at Deutsche Bank in Bremen, Germany (German account). During those years, the diverted corporate checks were deposited into the TCB account, and, whenever Mr. Daimler accumulated diverted corporate cash in excess of $2,000 to $3,000 in the lockbox, he converted such cash into cashier's checks and deposited those checks into the German account.

Mr. Daimler and Ms. Mondragon knowingly diverted the following amounts of corporate funds from Dieter Electronics for the years indicated by depositing diverted corporate checks into the TCB account:

| Year | Amount of Diverted Corporate Checks |
|------|-------------------------------------|
| 1989 | $33,138 |
| 1990 | 31,382[3] |
| 1991 | 40,187 |
| 1992 | 27,775 |

[3]There is a $300 inconsistency in the deemed admissions between the amount of diverted corporate checks that Mr. Daimler and Ms. Mondragon deposited into the TCB account during 1990 and the amount of dividend income consisting of such checks that they failed to report in their joint return for that year. We have used the lower amount for purposes of this Opinion.

Mr. Daimler and Ms. Mondragon personally used the foregoing funds that were deposited into the TCB account, even though such funds constituted income of Dieter Electronics.  They did not report the diverted corporate checks as dividend income from the Company in their joint returns for the years at issue.

Mr. Daimler knowingly diverted the following amounts of corporate funds from Dieter Electronics for the years indicated by depositing diverted corporate cash into the German account:

| Year | Amount of Diverted Corporate Cash |
|------|-----------------------------------|
| 1989 | $31,050 |
| 1990 | 94,615 |
| 1991 | 52,500 |
| 1992 | 46,500 |

Mr. Daimler and Ms. Mondragon personally used the foregoing funds that were deposited into the German account, even though such funds constituted income of Dieter Electronics.  They did not report the diverted corporate cash as dividend income from the Company in their joint returns for the years at issue.

Dieter Electronics failed to report taxable income in the amounts of $35,020, $31,382, $47,446, and $51,775 for the taxable years ended January 31, 1990, January 31, 1991, January 31, 1992, and January 31, 1993, respectively, because those funds were diverted from it to the TCB account, the personal account of its stockholders Mr. Daimler and Ms. Mondragon.  Dieter Electronics failed to report taxable income in the amounts of $38,050,

$91,615, $53,500, and $45,375 for the taxable years ended January 31, 1990, January 31, 1991, January 31, 1992, and January 31, 1993, respectively, because those funds were diverted from it to the German account, the personal account of its stockholder Mr. Daimler. Dieter Electronics also failed to report taxable income in the amount of $9,521 for the taxable year ended January 31, 1992.

Throughout the years 1990 through 1992, Mr. Daimler and Ms. Mondragon caused Dieter Electronics to pay their personal expenses in the amounts of $18,598, $32,629, and $14,194, respectively, which they failed to report as dividend income from the Company in their respective joint returns for those years. Dieter Electronics improperly deducted $14,194 of its stockholders' personal expenses as a "Miscellaneous" expense in its return for the taxable year ended January 31, 1993.

During 1992, Dieter Electronics also paid Mr. Daimler and Ms. Mondragon (1) $6,000 which they used to pay their automobile lease, (2) an additional $7,760 of Mr. Daimler's personal expenses, and (3) Mr. Daimler's personal model airplane expenses in the amount of $561, all of which they failed to report as dividend income from the Company in their joint return for that year. Mr. Daimler and Ms. Mondragon knowingly caused Dieter Electronics to deduct improperly the $7,760 of Mr. Daimler's personal expenses and the $561 of Mr. Daimler's personal model airplane

expenses that Dieter Electronics paid during 1992 as "parts" and "cost of goods sold-contract labor" in its corporate return for the taxable year ended January 31, 1993.

The accumulated earnings and profits of Dieter Electronics for the years at issue were sufficient to cover the total dividends, including constructive dividends, that Mr. Daimler and Ms. Mondragon received during those years.

Dieter Electronics paid Mr. Daimler and Ms. Mondragon net salary of $28,100, $28,160, and $31,399 for tax years 1990, 1991, and 1992, respectively. Mr. Daimler and Ms. Mondragon reported net wages (i.e., gross wages on line 10 of Forms W-2 less Federal income tax and Social Security tax withheld) in the amounts of $22,836, $22,840, and $28,639 in their joint returns for 1990, 1991, and 1992, respectively. As a result, petitioners failed to report taxable wages that they received from the Company in the amounts of $5,264, $5,320, and $2,760 for 1990, 1991, and 1992, respectively, in their respective joint returns for those years.

On September 6, 1984, Mr. Daimler and Ms. Mondragon personally purchased a building located at the corner of Kemp and Avenue K in Wichita Falls, Texas (the Building), for $145,000, $5,000 of which was allocated to land. The Building was used as the principal place of business of Dieter Electronics. On November 1, 1989, Mr. Daimler and Ms. Mondragon sold a portion (i.e., 66 percent) of the Building (November 1, 1989 sale) to an

unrelated third party for $75,500. At the time of that sale, the basis of Mr. Daimler and Ms. Mondragon in that portion of the Building and land was $69,178. They failed to include the gain (i.e., $75,500 minus $69,178, or $6,322) that they realized on the November 1, 1989 sale in their joint return for 1989. During 1991, Mr. Daimler and Ms. Mondragon sold the remainder (i.e., 34 percent) of the Building (1991 sale) for $39,000. At the time of that sale, their basis in that portion of the Building and land was $32,551. They failed to include the gain ($39,000 minus $32,551, or $6,449) that they realized on the 1991 sale in their joint return for 1991.

Mr. Daimler and Ms. Mondragon personally financed the November 1, 1989 sale of the Building. They financed a $12,500 downpayment for 12 months at 10 percent interest ($12,500 note) and the remainder of the $75,500 sales price (i.e., $63,000) for 15 years at 10 percent interest ($63,000 note). The payments on both of those notes began in November 1989. The $12,500 note was paid off during 1990. In December 1990, Mr. Daimler and Ms. Mondragon sold the $63,000 note. Mr. Daimler and Ms. Mondragon failed to include interest income associated with the foregoing two notes in the amounts of $1,248.77 for 1989 and $6,669.41 for 1990 in their respective joint returns for those years.

In 1991, Mr. Daimler and Ms. Mondragon personally purchased a new building to house the place of business of Dieter Electron-

ics (new Building).  They did not claim depreciation either on the Building that they purchased on September 6, 1984, or on the new Building that they purchased in 1991.  In its corporate returns for the taxable years ended January 31, 1990, January 31, 1991, January 31, 1992, and January 31, 1993, Dieter Electronics, with the full knowledge and consent of Mr. Daimler and Ms. Mondragon, improperly deducted depreciation in the amounts of $15,789, $15,789, $25,659, and $25,659, respectively, on the two buildings personally owned by Mr. Daimler and Ms. Mondragon.

During the years 1989 through 1992, Mr. Daimler and Ms. Mondragon had a lease agreement (office lease) with the Company with respect to either the Building or the new Building (collectively, office buildings) that they owned and that housed Dieter Electronics' place of business.  The office lease required Dieter Electronics to pay them rent in the amount of $2,500 per month (i.e., $30,000 per year).  During 1990, 1991, and 1992, the Company paid Mr. Daimler and Ms. Mondragon $27,500, $28,450, and $36,500, respectively, as rent on the office buildings.  Mr. Daimler and Ms. Mondragon did not include rental income under the office lease in the amount of $30,000 per year in their joint returns for 1989, 1990, 1991, and 1992.  Dieter Electronics did not deduct rental expense in that annual amount in its corporate returns for the taxable years ended January 31, 1990, January 31, 1991, January 31, 1992, and January 31, 1993.

In 1990, Mr. Daimler and Ms. Mondragon maintained a personal bank account No. 854-646952 at NCNB of Texas in Wichita Falls, Texas (NCNB personal bank account). During 1990, they deposited $13,160.27 as "cash" or "misc." into the NCNB personal bank account. Mr. Daimler and Ms. Mondragon did not include the amount of those deposits in their joint return for 1990 and have failed to show that such deposits were derived from a nontaxable source.

During the taxable years ended January 31, 1990, January 31, 1991, January 31, 1992, and January 31, 1993, Dieter Electronics maintained a bank account No. 858-214645-8 at NCNB of Texas in Wichita Falls, Texas (NCNB corporate bank account). The bank statements and canceled checks from the NCNB corporate bank account were used to prepare the corporate returns of Dieter Electronics for those taxable years.

Dieter Electronics overstated its "purchases" expense by $49,924, $42,796, $36,646, and $40 for the taxable years ended January 31, 1990, January 31, 1991, January 31, 1992, and January 31, 1993, respectively. Dieter Electronics overstated its cost of goods sold by $8,361 for the taxable year ended January 31, 1993.

During the years 1989, 1990, 1991, and 1992, the German account earned interest in the amounts of $5,553, $3,936, $2,960, and $4,150, respectively. Mr. Daimler and Ms. Mondragon failed

to include the respective amounts of that interest income in their joint returns for the years 1989 through 1992.

Mr. Daimler and Ms. Mondragon did not disclose the existence of the TCB account or the German account to the individuals who prepared their joint returns and Dieter Electronics' corporate returns for the taxable years at issue. During the examination of the joint returns of Mr. Daimler and Ms. Mondragon and the corporate returns of Dieter Electronics for the taxable years at issue, Mr. Daimler presented false loan documents to respondent's agent. On various occasions, Mr. Daimler has bragged about diverting cash and checks from Dieter Electronics and using those funds personally. In addition, on various occasions, Mr. Daimler has bragged about underreporting both his personal income and the taxable income of Dieter Electronics by using the income diversion scheme described above.

Respondent issued a notice of deficiency (notice) to Mr. Daimler and Ms. Mondragon for their taxable years 1989, 1990, and 1991 and a separate notice for their taxable year 1992. In those notices, respondent determined the following deficiencies in, and fraud penalties under section 6663 on, their Federal income tax (tax):

| Taxable Year Ended | Deficiency | Fraud Penalty Under Section 6663 |
|---|---|---|
| 1989 | $30,397 | $22,798 |
| 1990 | 59,085 | 44,314 |
| 1991 | 44,645 | 33,484 |
| 1992 | 39,040 | 29,280 |

Respondent issued to Dieter Electronics a notice with respect to the taxable years ended January 31, 1990, January 31, 1991, and January 31, 1992, and a separate notice with respect to the taxable year ended January 31, 1993.  In those notices, respondent determined the following deficiencies in, and fraud penalties under section 6663, on the Company's tax:

| Taxable Year Ended | Deficiency | Fraud Penalty Under Section 6663 |
|---|---|---|
| January 31, 1990 | $25,945 | $19,459 |
| January 31, 1991 | 43,016 | 32,262 |
| January 31, 1992 | 39,038 | 29,279 |
| January 31, 1993 | 29,147 | 21,860 |

Mr. Daimler and Dieter Electronics did not file responses to respondent's motions.  The undenied admissions in these cases establish facts requiring a decision against Mr. Daimler in docket No. 14606-94 and against Dieter Electronics in docket No. 14608-94 with respect to both the deficiency determinations in the notices on which they have the burden of proof and the fraud penalty determinations in those notices on which respondent has the burden of proof by clear and convincing evidence.  Accordingly, respondent's motion for summary judgment as to Mr. Daimler in docket No. 14606-94 and as to Dieter Electronics in docket No.

- 13 -

14608-94 will be granted.

To reflect the foregoing and the stipulation of settlement between respondent and Ms. Mondragon that was filed on September 23, 1998,

An order granting respondent's motion for summary judgment as to petitioner Mr. Daimler will be issued, and decision will be entered for petitioner Ms. Mondragon and for respondent as to petitioner Mr. Daimler in docket No. 14606-94.

An order will be issued granting respondent's motion for summary judgment, and decision will be entered for respondent in docket No. 14608-94.